(No. 3530— ▆▆▆▆▆▆▆)

CLAUDE BOWEN, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed May 12, 1942.*

Claimant, pro se.

GEORGE F. BARRETT, Attorney General; GLENN A. TREVOR, Assistant Attorney General, for respondent.

FISHER, J.

Complaint was filed July 29, 1940, alleging that claimant mailed a certified check for Fifty Dollars ($50.00) to the Illinois Liquor Control Commission in payment of a retail distributors beer license for the period 1939-1940, said check

being accepted by the Illinois Liquor Control Commission; that he also paid and secured an Illinois Wholesale Distributors Beer License for the same period; and further that an amendment to the State Liquor Laws made it necessary to have a retail dealers distributors license in addition to the wholesale distributors license to sell beer at retail to private homes.

Claimant requests that the Fifty Dollars ($50.00) paid to the Illinois Liquor Control Commission in payment of retail distributors beer license for the period 1939-1940, and not required by the Illinois Liquor Control Commission, be returned to him.

Complaint further alleges that claimant made complaint to the Illinois Liquor Control Commission in September, 1939, for a refund, but was referred by them to the Court of Claims. That no other person or corporation has any interest in the claim.

Respondent has filed a motion to dismiss the claim on several grounds; that the complaint does not set forth a claim which the State of Illinois as a sovereign commonwealth, should discharge and pay in that claimant seeks an award representing the refund covering license fees for the period 1939-1940, during which period of time the law providing for such license was changed; that an award should not be made solely on the grounds of equity and good conscience; that the complaint does not comply with Rules 4(a) and 6(a) of the Court of Claims.

The complaint does not state sufficiently and concisely the facts upon which the claim is based and does not quote all the averments of facts necessary to state a cause of action at law or in equity as is required by Rule 4(a); and does not include a bill of particulars as required by Rule 6(a). Claimant, however, may amend his complaint in this respect, and for that reason it is necessary to consider the remaining grounds of respondent's motion.

The same questions involved in this case were presented to this court in the case of *Val W. Steil and Matt S. Benz,* doing business as *Aurora Beverage Co., Claimant,* vs. *State of Illinois, Respondent,* No. 3528, and for the reasons stated therein the claim cannot be allowed.

Where a license fee is paid in an amount that is legally due and payable, and after the period for which the license

is paid has already commenced the law is then amended reducing the amount or eliminating the license fee altogether and the amendment by which the law is changed is not made retroactive, in such cases the excess amount paid cannot be recovered back. In the absence of a contrary expression by the Legislature, it is reasonably presumed that it was contemplated that the reduction was to take effect at the beginning of the next license period after the Act went into effect.

Respondent's motion to dismiss is therefore sustained, and claimant given thirty days in which to amend his complaint; and in the event claimant declines or fails to so amend, this order dismissing the claim shall become final.